JOURNAL ENTRY and OPINION
Defendant-appellant Andre Williams appeals from his conviction for aggravated robbery with a firearm specification, which was entered after a bench trial. Williams contends that he was denied effective assistance of counsel, that his conviction was not supported by sufficient evidence, and that his conviction was against the manifest weight of the evidence. We find no merit to the appeal and affirm.
In April 2000, a complaint was filed in the juvenile court alleging that Williams committed aggravated robbery. The complaint further alleged that Williams, seventeen years old, committed the crime with a firearm.
The court conducted a hearing and probable cause was found to bind over Williams. Williams was indicted for aggravated robbery in violation of R.C. 2911.01(A)(1) with a firearm specification attached.
In October 2000, a bench trial was conducted and the following evidence presented.
Ruben Rivera testified that on March 31, 2000, at approximately 10:00 a.m., he was in his 1997 Oldsmobile Bravada outside his home located on West 61st Street in Cleveland. He had the engine running because he was waiting for his wife. Before his wife came out of the house, Williams approached and opened the driver's side door and ordered him out of the car. Rivera testified that Williams stuck a black automatic gun in his left side. Williams then drove away, and Rivera's wife called the police. The police arrived at Rivera's house within five to seven minutes and he gave them a description of the suspect as being a black male, twenty to twenty-five years old, wearing a dark blue coat and a light blue and white wool stocking cap with the initials "N.C."
Approximately forty-five minutes later, the police informed Rivera they found his vehicle. The police took him to the BP station on West 105th and Lorain where he identified his vehicle. He was then taken to West 104th and Lorain where he identified Williams.
Officer Komidar testified that approximately twenty minutes after receiving the broadcast regarding the description of the suspect and vehicle, he saw Williams, in the victim's vehicle, turn into a BP gas station on West 105th and Lorain. He approached Williams and informed him he was under arrest. According to Komidar, Williams put his hand inside his jacket as if reaching for a weapon. The officer reacted by pulling out his service weapon and ordered Williams to place his hands on the car. Williams smiled at the officer, then took off running. Officer Komidar ran after Williams but lost sight of him. He received a call a few minutes later that the suspect was apprehended on West 104th Street. He searched the area where Williams was apprehended and found the keys to the vehicle in a backyard, but he did not find the gun or the light blue hat.
Williams testified in his own behalf and stated that he borrowed the vehicle from a friend to run some errands. He admitted that he lied at the bindover hearing when he denied being in the stolen car.
Williams was found guilty as charged and sentenced to the minimum sentence of three years for the aggravated robbery and to the mandatory consecutive term of three years for the firearm specification.
Williams appeals and assigns three assignments of error.
 I. APPELLANT WAS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY HIS COURT-APPOINTED ATTORNEY WHO FAILED TO INVESTIGATE THE FACTS AND CIRCUMSTANCES SURROUNDING THE ALLEGED OFFENSE AND MET WITH APPELLANT BRIEFLY ONLY TEN (10) MINUTES BEFORE CALLING HIM TO TESTIFY AT THE BINDOVER HEARING. SIXTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES; ARTICLE I, SECTION 10, CONSTITUTION OF THE STATE OF OHIO.
Williams argues that his counsel was ineffective because he did not adequately investigate the case prior to the juvenile court's bindover hearing. At the bindover hearing, Williams' counsel permitted him to testify that he was not in the stolen vehicle and did not flee from police when the evidence clearly showed otherwise. This statement was used to impeach his credibility at trial.
This court reviews a claim of ineffective assistance of counsel under the two-part test set forth in Strickland v. Washington (1984),466 U.S. 668. Under Strickland, a reviewing court will not deem counsel's performance ineffective unless a defendant can show his lawyer's performance fell below an objective standard of reasonable representation and that prejudice arose from the lawyer's deficient performance. Statev. Bradley (1989), 42 Ohio St.3d 136, paragraph one of syllabus. To show prejudice, a defendant must prove that, but for his lawyer's errors, a reasonable probability exists that the result of the proceedings would have been different. Id. at paragraph two of syllabus. Judicial scrutiny of a lawyer's performance must be highly deferential. State v. Sallie
(1998), 81 Ohio St.3d 673, 674.
There is no evidence in the record indicating Williams' attorney was aware that Williams was going to commit perjury. There is also no way for us to know whether counsel was aware of the circumstances of the arrest. It is completely probable that counsel expected Williams to merely deny his involvement in the theft of the vehicle. Regardless, the decision to lie on the stand was a conscious choice made by Williams. We refuse to hold Williams' attorney responsible for Williams' perjury.
The first assignment of error is overruled.
 II. THE EVIDENCE WAS LEGALLY INSUFFICIENT TO SUPPORT THE JUDGMENT OF THE CONVICTION.
 III. THE JUDGMENT OF CONVICTION AND SENTENCE WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Williams argues that the evidence was insufficient and against the manifest weight to support his conviction for aggravated robbery with a firearm. He argues that since no firearm was found on his person at the time of his arrest, he cannot be found liable for the specification. Williams also contends that the victim's identification was made under suggestive circumstances.
The standard of review with regard to the sufficiency of evidence is set forth in State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus:
 Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt.
See, also, State v. Apanovitch (1987), 33 Ohio St.3d 19, 23; State v.Davis (1988), 49 Ohio App.3d 109, 113. Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus, in which the Ohio Supreme Court held:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia
[1979], 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)
When the argument is made that the conviction is against the manifest weight of the evidence, the appellate court is obliged to consider the weight of the evidence, not its mere legal sufficiency. The defendant has a heavy burden in overcoming the fact finder's verdict. As this court has stated:
 The weight to be given evidence and the credibility of witnesses are determinations to be made by the triers of fact. State v. Thomas (1982), 70 Ohio St.2d 79, 24 O.O.3d 150, 434 N.E.2d 1356. If there was sufficient evidence for the triers of fact to find defendant guilty beyond a reasonable doubt this court will not reverse a guilty verdict based on manifest weight of the evidence. State v. Brown (1988), 38 Ohio St.3d 305, 528 N.E.2d 523, paragraph four of the syllabus, certiorari denied (1989), 489 U.S. 1040, 109 S.Ct. 1177, 103 L.Ed.2d 239.
State v. Rios (1991), 75 Ohio App.3d 288, 291. See, also, State v.Jenks (1991), 61 Ohio St.3d 259, 273.
Although it is true that the gun was never found, we find that the victim's description of the gun along with victim's testimony that Williams threatened him with the gun was sufficient to support the firearm specification. In State v. Thompkins (1997), 78 Ohio St.3d 380,385, the gun used during a robbery was never recovered. The Ohio Supreme Court nonetheless found sufficient evidence supported the firearm specification because proof of operability of a firearm can be established by circumstantial evidence, which can consist of the brandishing of the firearm by the defendant and the implicit threat to shoot it. In the instant case, although Williams never explicitly stated he was going to shoot, the threat was implicit by his sticking the gun in Rivera's side and ordering him out of the car.
Regarding the reliability of the victim's identification, we note that Williams' counsel never objected to the identification procedure at trial. On appeal, counsel argues that the procedure was highly suggestive because the victim was brought to the location where Williams was apprehended in order to identify him. In spite of counsel's failure to object, we find that the identification was reliable.
In evaluating the suggestiveness and reliability of an identification at the crime scene, the court must keep in mind that "the primary evil to be avoided is `a very substantial likelihood of irreparable misidentification.'" Neil v. Biggers (1972), 409 U.S. 188, 198. While the practice of showing suspects alone to persons for the purpose of identification, and not as part of a lineup, has been widely condemned,State v. Broom (1988), 40 Ohio St.3d 277, 284, citing Stovall v. Denno
(1987), 388 U.S. 293, 302, an identification of this nature violates due process only if the circumstances surrounding the identification are unnecessarily suggestive and unreliable after evaluating the totality of the circumstances. Manson v. Brathwaite (1977), 432 U.S. 98, 112-113. "The focus, under the `totality of the circumstances' approach, is upon the reliability of the identification, not the identification procedures." State v. Jells (1990), 53 Ohio St.3d 22, 26.
In examining reliability, the court must consider 1) the opportunity of the witness to view the criminal at the time of the crime, 2) the witness' degree of attention, 3) the accuracy of the witness' prior description of the criminal, 4) the level of certainty demonstrated by the witness at the confrontation, and 5) the length of time between the crime and the confrontation. Neil v. Biggers (1972), 409 U.S. 188,199-200.
In the present case, the victim was able to closely view Williams during the carjacking. The witness' description of Williams was also accurate, although Williams was not wearing the light blue and white hat when apprehended. The trial court noted that although the witness claimed the suspect was twenty to twenty-five years old, the seventeen-year-old Williams did look older than his age. Williams was the same build as described by Rivera and wearing the same color coat. Williams was also apprehended shortly after the crime took place, approximately forty-five minutes later. We, therefore, find that, based on the totality of circumstances, there was reliable evidence regarding Williams' identification.
The second and third assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J. and TERRENCE O'DONNELL, J., CONCUR.